UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Not for Publication

| | |
|---|---|
| DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS, LLC, | Civil Action No. 06-5225 (SRC)( MAS) |
| Plaintiff, | OPINION & ORDER |
| v. | |
| WOODBRIDGE DODGE, et al., | |
| Defendants. | |

**SHIPP, Michael A., United States Magistrate Judge**

This matter comes before the Court by way of Plaintiff DaimlerChrysler Financial Services Americas, LLC's ("Plaintiff") unopposed motion to enforce a subpoena served upon Defendant Maryellen Adams ("Ms. Adams") on June 18, 2010 ("Information Subpoena"). (Docket Entry Number ("Doc. No.") 110.) Plaintiff further seeks an award of attorney's fees and expenses incurred as a result of having to file the aforementioned motion.

For the reasons expressed below, Plaintiff's motion to enforce the subpoena is granted.

**I.    BACKGROUND**

Plaintiff filed a Complaint against Woodbridge Dodge, Inc., Woodbridge Lincoln, Mercury, Inc., Dennis F. Adams, Jr., and Maryellen Adams (collectively "Defendants") on October 31, 2006. (Doc. No. 1.) Plaintiff and Defendants, wishing to avoid the costs of further litigation, negotiated and agreed upon a Consent Judgment, which was entered jointly and severally against Defendants in the amount of $491,391.76 on December 23, 2009. (*See* Doc. No. 109.) While trying to satisfy the Consent Judgment, Plaintiff served Ms. Adams with an

Information Subpoena, which included interrogatory questions, in an attempt to obtain information regarding her assets. (Docket Entry No. 110-1.) On August 13, 2010, Plaintiff had yet to receive a response from Ms. Adams and, therefore, filed the motion currently pending before this Court. However, on August 30, 2010, Plaintiff informed the Court that Ms. Adams had provided responses to all the interrogatory questions included in the Information Subpoena with the exception of interrogatory question number 13(a) through (f). (Doc. No. 111.) Accordingly, the Court will only address the motion as it relates to interrogatory question number 13.

## II.   DISCUSSION

A party or attorney serving a subpoena must "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). In responding to a properly served subpoena, the recipient has a duty to produce responsive documents that are in the person's possession, custody and/or control and that "are kept in the ordinary course of business." *Id.* at 45(d)(1). A person withholding any responsive documents under an asserted privilege or other court-recognized protection must "(i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." *Id.* at 45(d)(2). The recipient may also object in writing to the discovery demands, however, "[t]he objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." *Id.* at 45(c)(B). Upon receipt of such an objection, "the serving party may move the issuing court for an order compelling production or inspection." *Id.* at 45(c)(2)(B)(i). A court may also hold a person in contempt for failing to comply with a properly served subpoena if the recipient does not have an adequate

excuse and the subpoena does not require a nonparty to produce documents more than 100 miles from his or her place of residence or employment. *Id.* at 45(e).

When determining whether to enforce a subpoena and compel the production of documents or responses to interrogatories, this Court must consider the relevance and scope of the requested information. As set forth under Federal Rule of Civil Procedure 69(a)(2): "In aid of the judgment . . . the judgment creditor . . . may obtain discovery from any person -- including the judgment debtor -- as provided in these rules or by the procedure of the state where the court is located." In New Jersey, a judgment creditor may file a motion in aid of a litigant's rights and request a response to an information subpoena related to whether "the judgment debtor has assets that have been secreted or otherwise placed beyond the reach of execution." *See* N.J. Ct. R. 1:10-3.

In the instant motion, the interrogatory that remains to be answered by Ms. Adams is question number 13, which asks:

> 13. Do you own any other real estate? . . . If yes, state the following:
>
> (a) Address of property
> (b) Date property was purchased
> (c) Purchase price
> (d) Name and address of all owners
> (e) Name and address of mortgage holder
> (f) Balance due on mortgage
> (g) Name and address of all tenants and monthly rental paid by each tenant.[1]

(Docket Entry No. 110-2.)

Here, the Court finds that the Information Subpoena was properly served upon Ms. Adams. As Ms. Adams is a party to this matter and failed to timely object to the Information Subpoena, and because the subpoena does not place an undue burden or expense upon Ms. Adams, this Court

---

[1] Plaintiff did not assert that subsection (g) was not answered. However, to the extent that this was an inadvertence on Plaintiff's part, the Court will consider it in its analysis.

finds no reason to modify or quash the subpoena. Moreover, the Court finds that Plaintiff is justifiably seeking Ms. Adams's real estate information to gather her asset information in its attempt to collect the Consent Judgment and enforce the litigant's rights. Indeed, information subpoenas are used as a standard practice to obtain necessary discovery. Thus, the Court finds interrogatory question number 13 is relevant to Plaintiff's attempts to collect discovery relevant to the Consent Judgment. Moreover, Ms. Adams will not be unduly burdened by answering the interrogatory and has not made any attempts to object or otherwise provide a basis for not answering the question. Accordingly, Plaintiff's motion to enforce the subpoena is granted.

Regarding Plaintiff's motion for costs and expenses, including attorney's fees, incurred in making its motion, the Court finds that sanctions are unwarranted at this junction. However, if Ms. Adams does not comply with this Order, sanctions may be appropriate and Plaintiff shall be permitted to make the appropriate application.

### III.   CONCLUSION

Based on the foregoing, and for good cause shown,

IT IS on this **17th** day of **November, 2010**,

**ORDERED THAT:**

1. Plaintiff's motion to enforce the subpoena and compel Ms. Adams to respond to interrogatory question number 13 of the Information Subpoena is granted.

2. Plaintiff's motion for costs and expenses, including attorney's fees, associated with the filing of the aforementioned motion is denied without prejudice.

3. By **November 30, 2010**, Ms. Adams shall provide a full and complete response to interrogatory question number 13.

4. Failure to comply with the terms and provisions of this Opinion and Order may result in a finding of contempt and imposition of sanctions.

5. Plaintiff shall serve a copy of this Opinion and Order upon Ms. Adams and Defense counsel by **November 24, 2010** and shall maintain proof of service.

                                          s/ Michael A. Shipp  
                                          **MICHAEL A. SHIPP**  
                                          **UNITED STATES MAGISTRATE JUDGE**